[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: September 25, 1997 Date of Application: September 25, 1997 Date Application Filed: October 6, 1997 Date of Decision: September 25, 2001
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury.
Docket Number CR96-245127.
Michael Ganon, Defense Counsel for Petitioner.
John Davenport, Assistant State's Attorney, for the State.
Sentence Affirmed.
 BY THE DIVISION
Following a trial by jury the petitioner was convicted of manslaughter in the first degree with a firearm. He was sentenced to a term of 29 years.
In this case, the petitioner got into an argument with a friend of his, with some punches being thrown. The petitioner then went to his own home, retrieved a shotgun. and picked up two other men to return to the victim's house, where the two had originally argued. One of the men kicked in the locked door and shot the victim. The petitioner then grabbed a metal box with several thousands of dollars which belonged to the victim and fled the scene.
In arguing for a reduction in the sentence, counsel stresses the petitioner had no prior record, that his conviction was based on accessorial liability, and that the killing was unintentional. CT Page 14547
The petitioner expressed his remorse over the killing of the victim, who was a close friend.
At sentencing, the state asked the court to impose the maximum forty year sentence, and made the same request to this Division. The state claims this was a well planned crime which resulted in the totally unjustified death of the twenty-six year old victim, the father of two young children.
The Sentence Review Division's authority is circumscribed by the provisions of Practice Book § 43-28. In considering whether the sentence was inappropriate or disproportionate, we consider the nature of the crime, the character of the offender, protection of the public and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended.
Although the petitioner did not himself pull the trigger, he was the principal motivator behind this senseless killing, which apparently had a revenge motive as well as the theft of thousands of dollars from the victim. This was an egregious crime orchestrated by the petitioner.
The sentencing court expressly considered all of the factors, both positive and negative, involved in this case, and the sentence reflected that consideration.
The Division concludes that the sentenced imposed was within the parameters of appropriateness, proportionality and reasonable judicial discretion.
The sentence is affirmed.
Klaczak, O'Keefe and Fasano, J.s, participated in this decision.